## Secured Investments, Inc., etc., v. Sohland et al.

*Practice, C. P.—New trial—Defective record—Omission by court stenographer.*

Where, upon a motion for new trial, it is impossible to ascertain just what the ruling of the court was upon a particular matter at the former trial, because the court stenographer has omitted the objections and rulings thereon from the record, a new trial will be granted in order that justice may be done.

Motion for new trial. C. P. Dauphin Co., Sept. T., 1920, No. 84.

*A. Ross Walter*, for plaintiff; *Oscar G. Wickersham*, for defendant.

WICKERSHAM, J., Oct. 10, 1921.—The plaintiff has alleged seven reasons for a new trial in this case. We would not be disposed to grant a new trial for the first three reasons alleged, to wit, that the verdict of the jury was against the evidence, was against the weight of the evidence, and was against the facts and not supported by the evidence. We think there was sufficient evidence in this case from which the jury could have found a verdict for the defendant.

In the argument of the fourth and fifth reasons for a new trial a serious situation was developed. It was alleged therein that the court erred in admitting into evidence the cross-examination of George A. Quinn as found on pages 36 and 37 of the testimony, offered for the purpose of showing his bias against the defendant, and that the court further erred in refusing to strike out said testimony after the same had been admitted.

Counsel for the defence proposed to attack the credibility of the witness Quinn, by interrogating him as to a transaction between himself and the defendant, in which the defendant had Quinn arrested for failure to turn over some money which she claimed he owed her. We rejected this testimony, but afterwards, on reflection, were of opinion that it was admissible. Our recollection is that we so stated and permitted counsel to recall Mr. Quinn for further examination. (See notes of testimony, page 36.) The official stenographer has failed to transcribe upon the record all that we said in that particular. Our recollection is that we gave reasons for permitting the cross-examination and limited the extent to which it should be allowed.

It is now claimed by counsel for plaintiff that he objected to the extent to which the cross-examination was allowed, and that he offered to explain by

his witness Quinn what the transaction for which he was arrested really was, and he now complains that we refused to allow him to do so. Unfortunately, the stenographer has not reported what took place nor our ruling in the matter, contenting himself with the mere statement that there was a "discussion." Counsel for plaintiff recalls that he objected and asked to have the testimony stricken out. We recall distinctly that he asked for several exceptions to our rulings at that time. The record does not show what actually took place, and is otherwise defective and incomplete.

In order that justice may be done, we think a new trial should be granted, and, therefore, for the reasons above stated, and because the record in this case is so imperfect that it is impossible at this time for the court to ascertain exactly what took place, the motion of the plaintiff for a new trial is allowed.

From William Jenkins Wilcox, Harrisburg, Pa.